**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Richard Donald GILLIS, Defendant-Appellant.**

**No. 72-1687.**

United States Court of Appeals, Ninth Circuit.

Feb. 14, 1973.

---

Taylor J. Daigneault (argued), of Daigneault, Abel & Daigneault, Torrance, Cal., for defendant-appellant.

John M. Newman, Asst. U. S. Atty. (argued), Eric A. Nobles, Asst. U. S. Atty., William D. Keller, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before MERRILL, KOELSCH, and KILKENNY, Circuit Judges.

PER CURIAM:

Appellant Gillis was convicted by a jury on both counts of a two-count indictment charging possession of an unregistered machine gun [26 U.S.C. § 5861 (d)], and the sale of said gun without paying the transfer tax required by 26 U.S.C. § 5811 [26 U.S.C. § 5861(e)]. On this appeal he urges three points: (1) that the sale was to a government agent and therefore exempted from the transfer tax; (2) that the jury was improperly instructed on possession; and (3) that the prosecutor's comments in closing argument constituted prejudicial misconduct. None has merit.

26 U.S.C. § 5811 levies a $200 per weapon tax on the transfer of firearms, the tax to be paid by the transferor. Appellant sold a Beretta 9mm machine gun to an undercover agent of the Alcohol, Tobacco, and Firearms Division of the Treasury Department, but paid no tax. He contends that the sale to such an agent is exempted from the transfer tax requirements of § 5811 by the provisions of 26 U.S.C. § 5852(a), which provides: "Any firearm may be transferred to the United States or any department, independent establishment, or agency thereof, without payment of the transfer tax imposed by section 5811." However, the exemption statute itself provides that a transfer is not tax-exempt ". . . unless the transfer . . . is performed pursuant to an application in such form and manner as the Secretary or his delegate may by regulations prescribe." 26 U.S.C. § 5852(f). The Secretary has issued specific regulations controlling the manner in which a tax-exempt transfer to the government may be effectuated. 26 C.F.R. § 179.89 provides that, while a transfer to the government may be made without payment of the tax, ". . . the procedures for the transfer of a firearm as provided in § 179.90 shall be followed in a tax-exempt transfer.

. . . ." 26 C.F.R. § 179.90(c) expressly provides that, "The transferor shall be responsible for establishing the exempt status of the transferee before making a transfer under the provisions of this section. Therefore, before engaging in transfer negotiations with the transferee, the transferor should satisfy himself of the claimed exempt status of the transferee and the bona fides of the transaction. . . . An unapproved transfer or a transfer to an unauthorized person may subject the transferor to civil and criminal penalties. (See sections 5852, 5861, and 5871, I.R. C.)." Cf. United States v. Freed, 401 U.S. 601, 605, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971). Thus, even if appellant might have invoked the exemption provisions of § 5852(a) he failed to fulfill the necessary conditions precedent to their application.

■ In its instructions, the court not only defined possession, but also explained what constituted termination of possession in line with appellant's defense that he had abandoned the gun and was later entrapped by the government agent into retaking possession. These instructions were correct and germane to the issues.

■ Finally, with respect to the matter of the prosecutor's comments, the record shows that defense counsel vigorously appealed to the jury to acquit because the particular acts were trivial and innocuous. The District Attorney, in rebuttal, pointed out several potentially unlawful uses to which an illicitly purchased weapon of this type might be put. We have examined the transcript of the arguments, and we agree with the trial court that the comments were invited and not improper. See Tenorio v. United States, 390 F.2d 96 (9th Cir. 1968), cert. denied, 393 U.S. 874, 89 S.Ct. 169, 21 L.Ed.2d 145; Chatman v. United States, 411 F.2d 1139 (9th Cir. 1969).

The judgment is affirmed.